## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DARLENE THOMAS,**
**An individual,**

        **Plaintiff,**　　　　　　　　　　**CASE NO.**

**vs.**　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

**POWELL, CARNEY, MALLER, P.A.,**
**SEMINOLE GARDENS APARTMENT NO**
**6-A, INC., & SEMINOLE GARDENS**
**APARTMENT NO 4-A, INC.,**

        **Defendant.**

_____/

## COMPLAINT

Plaintiff, DARLENE THOMAS (hereinafter, "Plaintiff"), alleges the following Complaint against Defendants, POWELL, CARNEY, MALLER, P.A. (hereinafter, "LAW FIRM"), SEMINOLE GARDENS APARTMENT NO 6-A, INC. (hereinafter, "6-A"), and SEMINOLE GARDENS APARTMENT NO 4-A, INC. (hereinafter, "4-A") (hereinafter, collectively "Defendants").

## PRELIMINARY STATEMENT

1.　　This is an action for damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), wherein Defendants repeatedly attempted to collect a consumer debt directly from Plaintiff that Defendants knew Plaintiff did not owe or incur.

## JURISDICTION, PARTIES, AND VENUE

-1-

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the FDCPA claim and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

4.      At all material times herein, the conduct of Defendants, complained of below, occurs in Pinellas County, Florida.

5.      At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

6.      At all material times herein, Defendants are Florida entities that, themselves and through their subsidiaries, regularly collect debts from consumers in Pinellas County, Florida.

7.      At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8.      At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9.      The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of

interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

## GENERAL ALLEGATIONS

12.     At all material times herein, Defendants are "creditors" as defined by Florida Statutes, Section 559.55(5).

13.     At all material times herein, Plaintiff is a "debtor(s)" or "consumer(s)" as defined by the FCCPA and FDCPA.

14.     At all material times herein, LAW FIRM is a "debt collector" as defined by the FDCPA.

15.     At all material times herein, Defendants attempted to collect late fees for assessment fees allegedly owed to 6-A and 4-A for Plaintiff's two properties (hereinafter, "Properties") located at: 8425 112th Street North #206 Seminole, Florida 33772 (collected by LAW FIRM on behalf of 6-A) and 8555 112th Street North #203 Seminole, Florida 33772 (collected by LAW FIRM on behalf of 4-A) (hereinafter, the "Debt").

16.     At all material times herein, the Debt is a consumer debt, incurred primarily for Plaintiff's personal, household, or family use.

17.     More specifically, Plaintiff purchased Units 4-A and 6-A for family use so that her daughters would live there while attending college.

18.     At all material times herein, Defendants exercised their alleged rights to collect the Debt.

19.     At all material times herein, 6-A and 4-A are each a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20.     At all material times herein, 6-A and 4-A's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA.

21.     At all material times herein, LAW FIRM's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and FDCPA.

22.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23.     Plaintiff has retained undersigned counsel for purposes of this matter and is obligated to pay her attorneys a reasonable fee and reimburse her attorneys for reasonable costs expended in this action.

24.     Plaintiff is entitled to attorneys' fees and costs pursuant to the FCCPA and FDCPA.

25.     All necessary conditions precedent to the filing of this action occurred or Defendant has waived the same.

## **FACTUAL ALLEGATIONS**

26.     Plaintiff purchased the Properties in or around 2003 (for Unit 6-A) and 2004 (for Unit 4-A).

27.     Starting in or around 2009, after Plaintiff's husband passed away, 6-A and 4-A began harassing Plaintiff in attempts to collect the Debt she does not owe.

28.     For example, 6-A and 4-A attempted to collect monies directly from Plaintiff for a carport and in-unit maintenance.  Plaintiff has never had a carport nor received any in-unit maintenance while owning the Properties.

29.     In fact, Plaintiff engages her own maintenance provider(s) whenever either of the Properties need to be maintained.

30.     Further, 6-A and 4-A attempted to collect late fees for real estate taxes and assessment fees allegedly owed to them.  *See* **Exhibit A**.

31.     6-A and 4-A's policy allows for a fifteen (15) day grace period before payment is considered late.

32.     Plaintiff has never been late with any of her payments and has proof of same. *See* **Exhibit B**.

33.     In or around January 2019, 6-A and 4-A retained LAW FIRM for purposes of collecting the Debt directly from Plaintiff.

34.     On February 13, 2019, LAW FIRM, via e-mail, attempted to collect the Debt directly from Plaintiff.

35.     The same day, Plaintiff responded to LAW FIRM, via e-mail, and provided proof that she did not owe the Debt.

36.     Notwithstanding Plaintiff's proof, on February 14, 2019, at 7:40 A.M. EST, LAW FIRM representative, Attorney Karen Maller, attempted to collect the Debt from Plaintiff. *See* **Composite Exhibit C.**

37.     Attorney Maller, LAW FIRM, and Plaintiff each reside in the United States' Eastern Standard Time Zone.

38.     In or around February 28, 2019, a 4-A representative named "Joe" approached a third-party that is not the Plaintiff or her family member and discussed Plaintiff's Debt with said third-party.

39.     Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**<u>VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(5)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

40.     4-A is subject to, and violated the provisions of, Florida Statutes, Section 559.72(5) by disclosing to a person other than the debtor or her family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

41.     Specifically, as noted above, a 4-A employee, representative, or other individual named "Joe" with knowledge of the alleged Debt discussed Plaintiff's Debt with a third-party residing at 4-A's property.

42.     As a direct and proximate result of 4-A's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**<u>VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(9)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

43.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate.

44.     Specifically, as noted above, 4-A attempted to collect late fees for past due assessment fees when 4-A knew that Plaintiff was not past due on the Debt.

45.     As a direct and proximate result of 4-A's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

46.     6-A is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate.

47.     Specifically, as noted above, 6-A attempted to collect late fees for past due assessment fees when 6-A knew that Plaintiff was not past due on the Debt.

48.     As a direct and proximate result of 6-A's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FOUR:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(9)

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

49.     LAW FIRM is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate.

50.     Specifically, as noted above, Plaintiff provided proof to LAW FIRM that she did not owe the Debt, yet LAW FIRM continued attempts to collect the Debt.

51.     As a direct and proximate result of LAW FIRM's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT FIVE:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(17)

Plaintiff re-alleges paragraphs one (1) through thirty-nine (39) as if fully restated herein and further states as follows:

52.     LAW FIRM is subject to, and violated the provisions of, Florida Statutes, Section 559.72(17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

53.     Specifically, as noted above, on February 14, 2019, at 7:40 A.M., EST., LAW FIRM sent an e-mail directly to Plaintiff in an attempt to collect the Debt.

54.     As a direct and proximate result of LAW FIRM's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT SIX:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c(a)(1), 1692e, 1692e(2)(A)

Plaintiffs re-allege paragraphs one (1) through thirty-nine (39) as if fully restated herein and further state as follows:

55.     LAW FIRM is subject to, and violated the provisions of, United States Code, Sections 1692c(a)(1) by communicating with the consumer before 8:00 A.M.

56.     Specifically, as noted above, on February 14, 2019, at 7:40 A.M., EST, LAW FIRM sent an e-mail directly to Plaintiff in an attempt to collect the Debt.

57.     LAW FIRM is subject to, and violated the provisions of, United States Code, Sections 1692e & 1692e(2)(A) by attempting to collect the Debt directly from Plaintiff after she provided proof that she did not owe it.

58.     As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by United States Code, Section 1692k.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
*Counsel for Plaintiff*

-and-

**FINN LAW GROUP, P.A.**

/s/ J. Andrew Meyer
**J. Andrew Meyer, Esq., FBN: 56766**
**Michael D. Finn, Esq., FBN: 0089029**
pleadings@finnlawgroup.com
7431 114th Ave., Suite 104
Largo, Florida 33773

Telephone: (727) 214-0700
Facsimile: (727) 475-1494
*Co-Counsel for Plaintiff*