**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**Case Number: 8:19-cv-00738-T-17JSS**

DARLENE THOMAS

    Plaintiff,

vs.

POWELL, CARNEY, MALLER, P.A.,
SEMINOLE GARDENS APARTMENT NO 6-A, INC.
and SEMINOLE GARDENS APARTMENT NO 4-A, INC.

    Defendants.

_____/

**DEFENDANT POWELL, CARNEY, MALLER, P.A.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, POWELL, CARNEY, MALLER, P.A., by and through its undersigned counsel, answers the Complaint of Plaintiff, DARLENE THOMAS, as follows:

1.    The allegations contained in Paragraph 1 of the Complaint are admitted to the extent they accurately set forth that Plaintiff is alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq* ("FDCPA") and the Florida Consumer Debt Collection Practices Act, Section 559.55, Fla. Stat., *et seq*. ("FCCPA").  It is denied, however, that this Defendant attempted to collect a debt that Plaintiff did not owe and it is further denied that Plaintiff has stated a cause of action under the FDCPA or the FCCPA.

2.    This Defendant admits the allegations contained in Paragraphs 2, 3, and 4 of the Complaint for jurisdictional and venue purposes only, but otherwise denies same and demands strict proof thereof.

*Thomas v. Powell, Carney, Maller, P.A., et al.*
*Case No. 8:19-cv-00738*
_____

3. This Defendant is without knowledge as to the allegations contained in Paragraphs 5, 16, 17, 23, 26, and 29 of the Complaint and therefore denies same and demands strict proof thereof.

4. The allegations contained in Paragraphs 6, 7, 8, 9, 10, 12, 13, 14, and 21 of the Complaint constitute legal conclusions and, as such, require no response; however, to the extent an answer is necessary, the allegations of Paragraphs 6, 7, 8, 9, 10, 12, 13, 14, and 21 are denied.

5. With regard to the allegations contained in Paragraph 11 of the Complaint, it is admitted that 15 U.S.C. Section 1692a(2) and Section 559.55(2), Fla. Stat., are accurately excerpted; however, any interpretation assigned to same by Plaintiff is denied and it is further denied that this Defendant has breached the referenced Statutes in any way.

6. This Defendant denies the allegations contained in Paragraphs 15, 24, 25, 28, 30, 31, 32, 33, 34, 35, 36, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 of the Complaint and demands strict proof thereof.

7. The allegations contained in Paragraphs 19, 20, 38, 40, 41, 42, 43, 44, 45, 46, 47, and 48 of the Complaint do not pertain to this Defendant and this Defendant is without knowledge as to same. The allegations of Paragraphs 19, 20, 38, 40, 41, 42, 43, 44, 45, 46, 47, and 48 are therefore denied.

8. With respect to the allegations contained in Paragraph 18 of the Complaint, the Plaintiff's definition of the subject Debt is denied; however, it is admitted that the Plaintiff owed a debt. This Defendant is without knowledge as to the vaguely referenced "alleged rights" and is

*Thomas v. Powell, Carney, Maller, P.A., et al.*
*Case No. 8:19-cv-00738*
_____

unable to answer for the co-Defendants. The remaining allegations of Paragraph 18 are therefore denied.

9. With respect to the allegations contained in Paragraph 22 of the Complaint, this Defendant cannot answer for the co-Defendants; however, to the extent that the allegations contained in Paragraph 22 pertain to this Defendant, same are admitted.

10. With respect to the allegations contained in Paragraph 27 of the Complaint, Plaintiff's definition of "Debt" is denied and it is denied that Plaintiff does not owe the subject debt. This Defendant is without knowledge as to the remaining allegations of Paragraph 27 and same are therefore denied.

11. The allegations contained in Paragraph 37 of the Complaint are admitted.

12. With respect to the allegations contained in Paragraph 39 of the Complaint, it is denied that the Plaintiff has accurately represented the damages provisions of Section 559.77, Fla. Stat., and it is further denied that Plaintiff is entitled to any damages, statutory or otherwise.

13. For the unnumbered paragraphs at the beginning of Counts One, Two, Three, Four, Five, and Six of the Complaint, this Defendant realleges its answers for each and every allegation contained in paragraphs 1 through 39 as if more fully set forth herein.

## DEMAND FOR JURY TRIAL

This Defendant, POWELL, CARNEY, MALLER, P.A., demands trial by jury of all issues so triable as a matter of law.

*Thomas v. Powell, Carney, Maller, P.A., et al.*
*Case No. 8:19-cv-00738*
_____

## **AFFIRMATIVE DEFENSES**

14. For a First Affirmative Defense, this Defendant alleges that the Complaint fails to state a cause of action under the FDCPA. The Complaint fails to demonstrate any viable claim that this Defendant attempted to collect a debt that the Plaintiff did not owe or that this Defendant communicated with the Plaintiff at any inconvenient times. Additionally, the Complaint, and the attachments thereto, fail to provide any information regarding the alleged debt pertaining to Unit 4-A. Plaintiff's claims should be rejected as a matter of law.

15. For a Second Affirmative Defense, this Defendant alleges that the Complaint fails to state a cause of action under the FCCPA. The Complaint fails to demonstrate any viable claim that this Defendant attempted to collect a debt that the Plaintiff did not owe or that this Defendant communicated with the Plaintiff at any inconvenient times. Additionally, the Complaint, and the attachments thereto, fail to provide any information regarding the alleged debt pertaining to Unit 4-A. Plaintiff's claims should be rejected as a matter of law.

16. For a Third Affirmative Defense, this Defendant alleges that Counts Four, Five, and Six of the Plaintiff's Complaint fail for violation of Federal Rule of Civil Procedure 8(a)(3). Counts Four, Five, and Six fail to include "a demand for the relief sought, which may include relief in the alternative or different types of relief." This Defendant is entitled to judgment in its favor on Counts Four Five, and Six of the Plaintiff's Complaint.

17. For a Fourth Affirmative Defense, this Defendant alleges that Plaintiff's claims under 15 U.S.C Sections 1692e and 1692e(2)(A) fail a matter of law for the Plaintiff's multiple failures to comply with the applicable cooperative declarations, rules, requirements, assessments,

*Thomas v. Powell, Carney, Maller, P.A., et al.*
Case No. 8:19-cv-00738
_____

and policies regarding payment of all amounts due to the application association for Units 4-A and 6-A.

18. For a Fifth Affirmative Defense, this Defendant alleges that Plaintiff's claims under Section 559.72(9), Fla. Stat., fail a matter of law for the Plaintiff's multiple failures to comply with the applicable cooperative declarations, rules, requirements, assessments, and policies regarding payment of all amounts due to the application association for Units 4-A and 6-A.

19. For a Sixth Affirmative Defense, this Defendant alleges that none of its limited communications with the Plaintiff could be considered "false, deceptive, or misleading representation or means." *See* 15 U.S.C. § 1692e. Plaintiff owes debts associated with Units 4-A and 6-A and such debts were accurately described by this Defendant in its communications with Plaintiff.

20. For a Seventh Affirmative Defense, this Defendant alleges that Plaintiff's claims under Section 559.72(9), Fla. Stat., fail because this Defendant had and has no actual knowledge that the subject debt is not legitimate or that any legal right regarding the subject debt does not exist.

21. For an Eight Affirmative Defense, this Defendant alleges that the Plaintiff's claims for damages are subject to the limitations set forth in 15 U.S.C. Section 1692k.

22. For a Ninth Affirmative Defense, the Defendants allege that the Plaintiff's claims for damages are subject to the limitations set forth in Section 559.77, Fla. Stat.

23. For a Tenth Affirmative Defense, this Defendant alleges that any purported violation by this Defendant of the FDCPA (which is denied) was the result of a bona fide error.

*Thomas v. Powell, Carney, Maller, P.A., et al.*
Case No. 8:19-cv-00738
_____

24. For an Eleventh Affirmative Defense, this Defendant alleges that any purported violation by this Defendant of the FCCPA (which is denied) was the result of a bona fide error.

25. For a Twelfth Affirmative Defense, this Defendant alleges that the Plaintiff has not suffered actual injury based on the FDCPA violations alleged in the Complaint and lacks standing to sue.

26. For a Thirteenth Affirmative Defense, this Defendant alleges that the Plaintiff has not suffered actual injury based on the FCCPA violations alleged in the Complaint and lacks standing to sue.

27. For a Fourteenth Affirmative Defense, this Defendant alleges that the Complaint does not allege that the Plaintiff received or viewed any communication from this Defendant prior to 8:00 a.m.; as such, Plaintiff cannot maintain a cause of action for violation of Section 559.17, Fla. Stat.  Additionally, Plaintiff has not suffered any injury under Section 559.72(17), Fla. Stat., and lacks standing to sue.

28. For a Fifteenth Affirmative Defense, this Defendant alleges that the Complaint does not allege that the Plaintiff received or viewed any communication from this Defendant prior to 8:00 a.m.; as such, Plaintiff cannot maintain a cause of action for violation of 15 U.S.C. § 1692c(a)(1).  Additionally, Plaintiff has not suffered any injury under 15 U.S.C. § 1692c(a)(1) and lacks standing to sue.

29. For a Sixteenth Affirmative Defense, this Defendant alleges that the Plaintiff initiated communications with this Defendant between the hours of 9:00 p.m. and 8:00 a.m. and, as such, gave prior consent for a response from this Defendant prior to 8:00 a.m.  Moreover,

*Thomas v. Powell, Carney, Maller, P.A., et al.*
*Case No. 8:19-cv-00738*
_____

Plaintiff initiated communication with this Defendant between the hours of 9:00 p.m. and 8:00 a.m. on the evening of February 13, 2019 and the early morning of February 14, 2019, and specifically requested a response "after review of this information." This Defendant's response to the Plaintiff's communications did not violate either the FDCPA or the FCCPA. Plaintiff's claims under Section 559.72(17), Fla. Stat., and 15 U.S.C. § 1692c(a)(1) fail as a matter of law.

30.     For a Seventeenth Affirmative Defense, this Defendant alleges that there were no "inconvenient" communications from it to the Plaintiff regarding the debt. Plaintiff initiated communication with this Defendant between the hours of 9:00 p.m. and 8:00 a.m. on the evening of February 13, 2019 and the early morning of February 14, 2019, and specifically requested a response "after review of this information." This Defendant's prompt response to the Plaintiff's communications was not at a time inconvenient for the Plaintiff and did not violate either the FDCPA or the FCCPA. Plaintiff's claims under Section 559.72(17), Fla. Stat., and 15 U.S.C. § 1692c(a)(1) fail as a matter of law.

31.     For an Eighteenth Affirmative Defense, this Defendant alleges that the Plaintiff's FDCPA claims are barred to the extent the subject debt is not a consumer debt and in the event that the subject units were obtained for purpose of investment properties.

32.     For a Nineteenth Affirmative Defense, this Defendants allege that it communications with the Plaintiff related to a notice of intent to file a Claim of Lien pursuant to Chapter 719, Fla. Stat., and there can be no claim for any alleged violation of the FDCPA or FCCPA for this Defendant's compliance with the Florida Statutes regarding an intent to file a lien by the cooperative association.

*Thomas v. Powell, Carney, Maller, P.A., et al.*
*Case No. 8:19-cv-00738*
_____

Dated:   April 22, 2019                                        Respectfully submitted,

By:   /s/ *Lewis W. Murphy, Jr.*
**Lewis W. Murphy, Jr.**
Florida Bar No. 0909467
wmurphy@murphywalker.com
**Elisa C. Mills**
Florida Bar No. 110763
emills@murphywalker.com
MURPHY & WALKER, P.L.
*Attorneys for Defendant,*
   *Powell, Carney, Maller, P.A.*
2001 U.S. Highway 1
Vero Beach, Florida   32960
Telephone: (772)231-1900
Facsimile: (772)231-4387

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via CM/ECF upon:

**Jon P. Dubbeld, Esquire**, *co-counsel for the Plaintiff*, 10460 Roosevelt Boulevard North, Suite 313, St. Petersburg, FL   33703, aswift@swift-law.com, jisringhaus@swift-law.com and jdubbeld@swift-law.com, **J. Andrew Meyer, Esquire**, *co-counsel for the Plaintiff*, 7431 114th Avenue, Suite 104, Largo, FL   33773, pleadings@finnlawgroup.com, and **Lauren E. Wages, Esquire**, *counsel for Defendant, Seminole Gardens Apartment No. 6-A, Inc.*, 100 North Tampa Street, Suite 2120, Tampa, FL   33602, lwages@ls-law.com, on this 22nd day of April, 2019.

   /s/   *Lewis W. Murphy, Jr.*
Lewis W. Murphy, Jr.